IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH KUZMIN, | ) | PLAINTIFF |
| | ) | DEMANDS |
| Plaintiff, | ) | TRIAL BY JURY |
| | ) | |
| v. | ) | Case No. 14-9418 |
| | ) | |
| DETECTIVE NARI ISAKSON, OFFICER MCHUGH, DETECTIVE DESALVO and the CITY OF CHICAGO, | ) ) ) | Judge: |
| | ) | Magistrate: |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, JOSEPH KUZMIN, by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants, DETECTIVE NARI ISAKSON, OFFICER MCHUGH, DETECTIVE DESALVO and the CITY OF CHICAGO, and the CITY OF CHICAGO, states as follows:

**JURISDICTION**

1. This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 1367, the Fifth, and Sixth, and Fourteenth Amendments of the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

**VENUE**

2. Venue is provided under 28 U.S.C. §§ 1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief Defendants DETECTIVE NARI ISAKSON, OFFICER MCHUGH, sand

DETECTIVE DESALVO ("individual defendants") reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a resident of Cook County, Illinois which is located in the Northern District of Illinois.

6. Upon belief, Defendant DETECTIVE NARI ISAKSON was, at all times relevant to this action, employed by the CITY OF CHICAGO as a police officer with the Chicago Police Department.

7. Upon belief, Defendant OFFICER MCHUGH was, at all times relevant to this action, employed by the CITY OF CHICAGO as a police officer with the Chicago Police Department.

8. Upon belief, Defendant DETECTIVE DESALVO was, at all times relevant to this action, employed by the CITY OF CHICAGO as a police officer with the Chicago Police Department.

9. Defendant CITY OF CHICAGO is a municipal corporation within the State of Illinois, and was at all times material to this action, the employer of Defendants DETECTIVE NARI ISAKSON, OFFICER MCHUGH, sand DETECTIVE DESALVO The individual defendants are sued in their individual capacities.

## FACTS

### History of Parents Pre-Incident

1. Jamie Bohnert ("Bohnert") birthed and reared S.K. (injured minor). Plaintiff, Joseph Kuzmin, is the father of S.K. and has no prior history of allegations of abuse against his daughter

2. With the exception of the instant matter Plaintiff never cared for S.K. alone Bohnert had almost exclusive custody of S.K.

3. Since S.K.'s birth she had been taken to the hospital repeatedly for acid reflux and bleeding of the mouth

4. Bohnert also had a medical condition that caused blood to emit from her breast during feeding.

5. Bohnert has serious anger issues and has a tendency to get violent, especially with the Plaintiff.

## The Incident

6. On August 14, 2014, Plaintiff and Bohnert got into an argument because Plaintiff didn't want Bohnert to leave.

7. On the same day S.K. had an accident in the shower that resulted in bruising to her face.

8. Police were called to the Kuzmin residence. The initial officers didn't found no probable cause to arrest Plaintiff for any crimes.

9. Bohnert took S.K. to the hospital to see about injuries resulting from the shower accident.

## The Hospital and DCFS

10. St. Lutheran Hospital staff examined S.K. and diagnosed S.K. with multiple injuries that were caused at times prior to the time S.K. was in Plaintiff's care.

11. Per protocol, St. Lutheran Hospital staff reported S.K.'s injuries to The Department of Children and Family Services ("DCFS").

12. The defendants caused the removal of S.K. from the care and love of her father (Plaintiff) without cause. The individual defendants, prior to arresting Plaintiffs, learned the aforementioned facts through their investigation.

### Arrest And Detention of Plaintiff

13. The individual defendants of the City of Chicago Police Department began an investigation into S.K.'s injuries.

14. The individual defendants had learned during their investigation that S.K. was cared for by people other than Plaintiff around the time of her injuries.

15. The individual defendants learned about S.K. and Bohnert's prior medical conditions.

16. The individual defendants threatened Bohnert, telling her that either she or Plaintiff must be blamed for S.K.'s injuries. Of course, as a result of such coercion, Bohnert blamed Plaintiff.

17. The individual defendants arrested Plaintiff and transported him to the police station on the charge of "Child Endangerment". This charge is defined as "Endangering the life or health of a child (a) A person commits endangering the life or health of a child when he or she knowingly: (1) causes or permits the life or health of a child under the age of 18 to be endangered. 720 ILCS 5.0/12C-5-A-1. The individual defendants lacked probable cause to arrest Plaintiff as to each stated element.

18. The individual defendants falsified police reports, and distorted witness statements in support of an affidavit to secure probable cause to arrest Plaintiff.

19. By reason of the above-described acts and omissions of the individual defendants, Plaintiff has sustained injuries, humiliation, indignities, and suffered great mental and

emotional distress including being maliciously prosecuted and losing the custody and consortium of his child.

20. The actions of Defendants foreseeably caused each member of the Plaintiffs' family great emotional harm, including a family separation lasting nearly a year and continuing. The harm to Plaintiffs' personal security, privacy, and family life has been severe and long-term.

21. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for the plaintiff's rights, justify the award of exemplary and punitive damages.

22. By reason of the above actions Plaintiffs seek to redress for the deprivation of their fundamental liberty interests in familial association by Defendants' actions taken under color of state law. They seek to vindicate their rights under the First, Fourth, and Fourteenth Amendments. Pursuant to 42U.S.C. § 1983.

23. Plaintiffs was required to retain an attorney to initiate and prosecute legal proceedings, and otherwise render legal assistance to him in the present action, so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiffs requests payment by the named defendants for a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I.

### DUE PROCESS-SUBSTANTIVE FAMILIAL ASSOCIATION

24. Plaintiffs incorporate paragraphs 1-23 above as if fully set forth herein. The claim set forth in this Count is brought pursuant to 42 U.S.C. § 1983.

25. Defendants, acting individually and/or in concert with one another, violated Plaintiffs' substantive due process rights to familial association, familial autonomy, familial integrity, and family privacy by arbitrarily separating, or having caused the separation of S.K. from her parents and taking her into State temporary protective custody without possessing the requisite definite and articulable evidence giving rise to probable cause or reasonable suspicion to believe that she had been or would be abused or neglected.

26. By conditioning the return of S.K. upon acceptance of severe restrictions on Plaintiffs' exercise of their rights to reside together as a family without interference by the State.

27. Defendants, acting individually and/or in concert with one another, violated Plaintiffs' substantive due process rights to familial association, familial autonomy, familial integrity, and family privacy without the constitutionally requisite evidence required to impose such restrictions.

28. The actions and conduct of the individual defendants caused injury to Plaintiff.

29. As relief, Plaintiffs seek damages for each Plaintiff, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and any other relief, including but not limited to an award of costs, as the Court

## COUNT II.

## DUE PROCESS – RIGHT TO A FAIR TRIAL

30. Plaintiff restates and realleges all the statements made in paragraphs 1-29, of this Complaint as though fully set forth herein.

31. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, failing to disclose known exculpatory

evidence, ignoring exculpatory evidence, submitting false affidavits, failing to investigate actual innocence of Plaintiff, submitting false charges as contained in the criminal complaints, submitting false police reports, omitting exculpatory evidence from police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute Plaintiff and to deny Plaintiff fair legal proceedings.

32. During Plaintiff's trial testimony, the individual defendants referred to and used coerced evidence against Plaintiff to prove his guilt.

33. These acts were directed toward Plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

34. By reason of the conduct of the individual defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fourteenth Amendments to the Constitution of the United States.

35. As a proximate result of this deprivation of due process and liberty Plaintiff suffered extreme physical, emotional and pecuniary damage this Court deems equitable and just.

## COUNT III.

## MALICIOUS PROSECUTION

36. Plaintiff restates and realleges all the statements made in paragraphs 1-35 of this Complaint as though fully set forth herein.

37. The individual defendants initiated and/or continued a malicious prosecution against the plaintiff, an innocent man with malice, without probable cause, in a careless and wanton manner.

38. These actions directly and proximately caused the injuries and damages to the plaintiff, including requiring him to fight the prosecution before the proceedings were terminated in his favor.

## COUNT IV

### UNDER 745 ILCS 10/9-102
### AGAINST DEFENDANT THE CITY OF CHICAGO

39. Plaintiff restates and realleges all the statements made in paragraphs 1-38, of this Complaint as though Defendant THE CITY OF CHICAGO was, at all times material to this Complaint, the employer of the individual defendants. The individual defendants committed the acts alleged above in the scope of their employment as employees of the CITY OF CHICAGO.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff demands judgment against the employer Defendant named in this Count in the amount awarded to Plaintiff and against the employee Defendant by way of judgment or settlement, including any and all amounts awarded for damages and costs.

Respectfully submitted,

/s/ Scott T. Kamin
Attorney for Plaintiff

Scott T. Kamin
Law Offices of Scott T. Kamin
55 E. Jackson Blvd
Suite 1050
Chicago, IL  60604
(312) 322-0077
Ill. Attorney No.: 6226855